IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALVIN MERRITTE (No. R53322),           )
LEONDOUS COLEMAN (No. S13805),          )
PRISONERS,  and                         )
CORRECTIONAL STAFF,                     )
                                        )
                    Plaintiffs,         )
                                        )
        vs.                             )   Case No. 15-cv-00254-SMY
                                        )
STEPHANIE INGRAM, et al.,               )
                                        )
                    Defendants.         )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Calvin Merritte and Leondous Coleman, inmates in Pinckneyville Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, based on a wide variety of incidents that occurred at seven correctional facilities from 2009 to the present.  All prisoners within the Illinois Department of Corrections ("IDOC"), and all "Correctional Staff" are also listed as plaintiffs.[1]   Seventy-two IDOC officials are named as defendants, and 11 "group" defendants, such as Correctional Staff, Mailroom Staff, Lieutenants and Dietary Supervisors.

In accordance with *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Court explained the hazards of joint litigation and afforded Plaintiffs Merritte and Coleman an opportunity to back out of this case without incurring a filing fee (Doc. 6).  A response was filed, indicating that both plaintiffs wanted to proceed, but the document was signed only by Coleman

---

[1] Whether Merritte and Coleman envision moving for class certification remains to be seen and is not relevant at this early juncture.  The inclusion of "Correctional Staff" as plaintiffs appears to be a mistake (for obvious reasons).

(Doc. 8). Despite Merritte failing to sign the document indicating he desired to proceed, the *Boriboune* directive (Doc. 6) specified that this was an "opt out" situation and a failure to respond would leave a plaintiff in the case and responsible for the filing fee.

Merritte and Coleman also have both signed and filed a form "Motion for Hearing" (Doc. 9). They request a hearing on their: (1) response to the *Boriboune* directive (Doc. 8); and (2) signed authorizations to proceed before a magistrate judge (Doc. 7). With respect to the opportunity to opt out of the case, there is no readily apparent reason for a hearing and the motion offers no explanation for the request. Each plaintiff could opt out of the case, and if either of them did not affirmatively opt out, it was made clear that that person would remain a plaintiff. They both have opted in. Relative to Plaintiffs' signed authorizations to proceed before a magistrate judge, Plaintiffs have not explained why a hearing is requested. More important, this case cannot be referred to a magistrate judge for all further proceedings until it passes preliminary review and all defendants consent to have the case handled by a magistrate judge. For these reasons, Plaintiffs' motion for a hearing (Doc. 9) is **DENIED** in all respects.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Considering the number of defendants, the complaint is relatively succinct: 25 pages, with the narrative broken into 98 numbered paragraphs—most stating a single, self-contained allegation (only nine of which pertain to Coleman; the others are all specific to Merritte). Plaintiffs then groups the allegations into nine broad claims. Further combining overlapping or similar claims, the Court construes the complaint as presenting the following broad counts.[2]

**Count 1:** **Various Defendants retaliated against Plaintiffs, in violation of the First Amendment;**

**Count 2:** **Various Defendants endangered Plaintiffs by labeling them "snitches," in violation of the Eighth Amendment;**

**Count 3:** **Various Defendants failed to protect Plaintiffs when they required them to actually incur physical harm or incur discipline before they could qualify for protective custody, in violation of the Eighth Amendment;**

**Count 4:** **Various Defendants were deliberately indifferent to the danger of physical assault from other inmates over the use of the telephone, in violation of the Eighth Amendment;**

**Count 5:** **Various Defendants used excessive force against Plaintiff Merritte, in violation of the Eighth Amendment;**

**Count 6:** **Various Defendants denied Plaintiff Merritte due process in connection with his requests for protective custody; and**

**Count 7:** **Various Defendants confiscated, lost or destroyed Plaintiff Merritte's legal materials and evidence in an effort to deny him access to the courts in violation of the First Amendment, due**

---

[2] For reasons that will be explained, the complaint cannot proceed, so the Court need not set forth in any greater detail each claim against each of the many defendants.

> **process in violation of the Fourteenth Amendment, and amounting to negligent spoliation of evidence under Illinois law.**

(Doc. 1, pp. 23-24).

Plaintiffs seek injunctive relief, as well as compensatory and punitive damages.

## Discussion

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party."  FED.R.CIV.P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  FED.R.CIV.P. 20(a)(2)(A), (B).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA").  *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)).  Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees.  *See id*.  Accordingly, *s*everance is appropriate under Federal Rule of Civil Procedure 21 as long as the two resulting claims are "discrete and separate."  *Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George,* 507 F.3d at 607.  In other words, one claim must be capable of resolution despite the outcome of the other claim. *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.,* 451 F.3d 424, 442 (7th Cir. 2006).

Merritte and Coleman's complaint presents just the sort of morass the appellate court railed against in *George*, with the added twist of multiple plaintiffs, who are not each involved in every claim. Plaintiffs fail to unite the events spanning six years and seven prisons and involving at least 72 defendants. There is no claim of a conspiracy. There are assertions that there are "routine practices," such as retaliation; and, there are allegations that high ranking IDOC officials, such as the Director, wardens and the Administrative Review Board, were made aware of various constitutional violations, but they did nothing or failed to properly train personnel (*see* Doc. 1, ¶¶ 87, 88, 97, 98). However, as pleaded, there is no thread strong enough to tie together so many disparate claims. The policy and practice Plaintiffs elude to is nothing more than the *respondeat superior* doctrine (supervisory liability), combined with the fact that multiple bad acts occurred to multiple prisoners within the same state prison system. The *respondeat superior* doctrine is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). For purposes of liability under Section 1983, officials are responsible "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Clearly, severance is warranted. For example, Count 1, a general First Amendment retaliation claim, is unrelated legally or factually to Count 3, an Eighth Amendment "failure to protect" claim. Similarly, the allegation that in 2009, at Centralia Correctional Center, Defendant Ingram retaliated against Plaintiff Merritte by filing a false disciplinary report and refusing to get Merritte medical care for his asthma (¶ 1), is unrelated to the claim that in 2014, at Lawrence Correctional Center, Nurse Brooks refused to treat Plaintiff Merritte for the effects of pepper spray (¶ 69). And neither of those allegations has anything to do with the claim that in

2014 Plaintiff Coleman was celled with a mentally ill inmate who tried to kill him, but Pinckneyville Correctional Center staff refused to protect Coleman (¶ 80). [3]

Rather than the Court sifting through the blunderbuss complaint, consistent with FED.R.CIV.P. 8(a), Plaintiffs will be granted a brief period of time to file an amended complaint asserting one claim (or more claims if proper for joiner under *George* and FED.R.CIV.P. 18(a)). *See also Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011) (unintelligibility and disorganization justify rejecting a complaint). Other claims may be brought in separate actions—each requiring an additional filing fee from each plaintiff.

As a final matter of housekeeping, any amended complaint should list as plaintiffs only those who sign the amended complaint. Accordingly, "Correctional Staff" will be dismissed as a plaintiff to the present complaint. If a class action is proposed, that may be indicated in the style of the case, but a motion for class certification will also have to be filed in accordance with FED.R.CIV.P. 23 and ILSD Local Rule 23.1(c).

## Motion for Counsel

Also before the Court is a motion for recruitment of counsel purportedly filed by both Merritte and Coleman, but signed only by Merritte (Doc. 3). Given that Merrittee now has the opportunity to submit an amended complaint, the Court will assess whether he can do so, and otherwise litigate this case *pro se*.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to

---

[3] The merit of each separate claim does not have to be determined before severance; as long as there are discrete and separate claims, the district court may exercise its discretion and sever claims. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Merritte indicates that he has made efforts to secure counsel in another case, but there is no indication he did so in this case. He has a high school education, and a great deal of experience litigation civil rights cases. The fact that he takes an antihistamine and uses an inhaler for asthma do not suggest that his intellectual abilities are impaired. Although the complaint is being dismissed, it reveals that he is more than capable of drafting an amended pleading. Whether he can proceed from that point on remains to be seen, but for now counsel is not warranted. His motion (Doc. 3) is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that, Plaintiffs' motion for a hearing (Doc. 9) is **DENIED** in all respects, and Plaintiff Merritte's motion for counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **CORRECTIONAL STAFF** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the complaint and all named defendants are **DISMISSED without prejudice**; accordingly, Plaintiffs' motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that on or before **April 30, 2015**, Plaintiffs shall file an amended complaint consistent with this Order. Failure to file an amended complaint will result in the dismissal of this action with prejudice, and the assessment of a "strike" against Plaintiffs pursuant to 28 U.S.C. § 1997(g).

**IT IS FURTHER ORDERED** that on or before **April 30, 2015**, Plaintiff Coleman shall file a motion for leave to proceed *in forma pauperis*, or pay the $400 filing fee. If Coleman fails to either pay the filing fee or move for pauper status, the Court will collect the full $400 filing fee from his prison trust fund account in accordance with the procedures in 28 U.S.C. § 1915(b). Plaintiff Merritte's motion for pauper status (Doc. 2) will be addressed by separate order.

**IT IS SO ORDERED.**

DATED: April 2, 2015

                                                      s/ STACI M. YANDLE
                                                      **United States District Judge**