IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE (No. R53322), and<br>LEONDOUS COLEMAN (No. S13805),<br><br>   Plaintiffs,<br><br>   vs.<br><br>S.A.GODINEZ, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-00254-SMY<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Calvin Merritte and Leondous Coleman, inmates in the Illinois Department of Corrections ("IDOC"), initiated this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983 based on a wide variety of incidents that occurred at seven correctional facilities from 2009 to the present. Seventy-two IDOC officials were named as defendants, along with 11 "group" defendants. Pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the hazards of joint litigation were explained to Plaintiffs, and they elected to proceed jointly (see Doc. 10). Upon preliminary review, the original complaint was dismissed without prejudice. The principal problem was that Plaintiffs had attempted to join unrelated claims and unrelated defendants, contrary to Federal Rules of Civil Procedure 18 and 20, and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The complaint was dismissed without prejudice and Plaintiffs were directed to file an amended complaint (Doc. 10).

Before the Court is Plaintiffs' motion to alter or amend the Court's severance ruling (Doc. 12), an amended complaint (Doc. 13), a motion for counsel and for class certification (Doc. 17), and a motion by Plaintiff Merritte to sever each plaintiff's claims and for service of

process at government expense (Doc. 19). Merritte also moves to seal his case (Doc. 20), for access to the law library (Doc. 23), and to learn the status of this case (Doc. 26). Each of these interrelated matters will be addressed in turn.

## Motion for Reconsideration

The Court dismissed the original complaint without prejudice and with instructions to file an amended complaint in compliance with the rules regarding the joinder of claims and defendants. It was left to Plaintiffs to decide which claims should be brought in this action and which to pursue in a new, separate case. Plaintiffs Merritte and Coleman now seek reconsideration of the underlying determination that their original claims were not properly joined (Doc. 12).

The seven broad claims recognized in the original complaint generally relate to prison officials deliberately ignoring threats to inmates' safety and denying them protective custody. The Court found that, as drafted, several claims were clearly individual claims and that there was no thread linking all claims (*see* Doc. 10). Plaintiffs now counter that "retaliation" is so widespread as to constitute a policy and practice of deliberately failing to afford inmates protective custody.

Similarities in the nature of the claims, alone, is not enough to warrant joinder. As discussed at length in the Court's April 2, 2015, Order (Doc. 10), there is no thread or alleged conspiracy to tie together the events spanning six years and seven prisons and involving 72 defendants. A bald assertion of a widespread, amorphous conspiracy is insufficient to warrant the Court allowing the original complaint to proceed. Plaintiffs ignore that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs' motion for reconsideration (Doc. 12) will be denied.

### The Amended Complaint

The amended complaint (Doc. 13) is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Section 1983 provides a cause of action for the deprivations of constitutional rights by those acting under color of law. Section 1985 pertains to conspiracies to interfere with civil rights, and Section 1985 provides liability for those who negligently fail to prevent a Section 1985 conspiracy.

Plaintiffs bring suit against 18 named defendants along with unknown IDOC staff. Among the defendants are two IDOC directors, four wardens, nine staff members working at Lawrence Correctional Center, two nurses who work at Lawrence and a member of the Administrative Review Board. The events at issue occurred between March 2012 and the present at Lawrence Correctional Center, Stateville Correctional Center and Pinckneyville Correctional Center.

Put succinctly, Plaintiffs allege that that there is a widespread failure to protect them and other inmates from the risk of serious harm because inmates must suffer physical harm or incur discipline *before* they are entitled to protective custody. Thus, as a practical matter, an inmate can only be protected from additional harm. Grievances, complaints and letters are ignored. Plaintiffs further contend there is a systemic policy, practice and custom of failing to protect them and others, in violation of the Eighth Amendment.

The amended complaint offers specific examples. Plaintiff Merritte was denied protective custody and, as a result, inmate Rodriguez nearly killed him in August 2014. Merritte contends officials purposely placed him near gang members who had threatened him and with whom he had known conflicts. Similarly, between August and November, 2014, Plaintiff Coleman was housed with a mentally ill inmate who threatened to kill him. Also in 2014,

despite a threatening situation being brought to the attention of prison officials, Coleman, who is black, was attacked by a white, racist inmate.

It is further alleged that Plaintiffs and other IDOC inmates "will likely be assaulted with weapons again or murdered, retaliated against by IDOC staff & IDOC prisoners for reporting threats of violence . . ." (Doc. 13, p. 16). Plaintiffs also state that IDOC staff intentionally omit their complete statements, fail to investigate, alter medical records and impose discipline as a cover-up.

Relative to Plaintiff Merritte alone, it is also alleged that Defendants Daniel Downen, Randy Stevenson, William Loy, Jerry L. Harper, Jackie Miller, Bryan L. Perdue, Brian Stafford, Lt. Ray, Eldon Cooper, Chris Brooks, Kim Clevy, Counselor Ray and unknown IDOC staff interfered with Merritte's access to the courts and orchestrated a cover-up by confiscating and destroying documents and other evidence relevant to his failure to protect claims—"all of which amounts to a conspiracy" (Doc. 13, p. 19).

Defendants are sued in their official and individual capacities. Plaintiffs seek permanent injunctive relief, as well as nominal, compensatory and punitive damages.

As previously noted, the amended complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court liberally construes the complaint as presenting the following broad counts:[1]

**Count 1:** **Defendants, individually and/or in conspiracy, failed to protect Plaintiffs by requiring them to incur physical harm or discipline before they could qualify for protective custody, in violation of the Eighth Amendment;**

**Count 2:** **Defendants, individually and/or in conspiracy, ignored or denied Plaintiff's grievances, in violation of the Fourteenth Amendment;**

**Count 3:** **Defendants, individually and/or in conspiracy, retaliated against Plaintiffs for filing grievances regarding their inability to preemptively secure protective custody, in violation of the First Amendment;**

**Count 4:** **Defendants Daniel Downen, Randy Stevenson, William Loy, Jerry L. Harper, Jackie Miller, Bryan L. Perdue, Brian Stafford, Lt. Ray, Eldon Cooper, Chris Brooks, Kim Clevy, Counselor Ray, and unknown IDOC staff, individually and/or in conspiracy, interfered with Plaintiff Merritte's access to the courts and orchestrated a cover-up by confiscating and destroying documents and other evidence relevant to his failure to protect claims—all in violation of the First Amendment.**

Any claims not recognized by the Court should be considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard. It is unclear whether

---

[1] The amended complaint is brought pursuant to Sections 1983, 1985 and 1986. Section 1985 provides for a cause of action against government officials for conspiring to interfere with civil rights guaranteed under the Constitution. Section 1986 is not a distinct cause of action; rather, it merely allows Section 1985 conspiratorial liability to reach those outside of the conspiracy that nonetheless had the ability to intervene to stop the wrongdoing. The Court has not recognized distinct claims under those provisions, relying instead on the specific constitutional claims discussed in the pleading. Defendants face liability for their individual actions and for their participation on the alleged conspiracy.

Plaintiffs intended to assert state law claims as they did in the original complaint—any such claims must be clearly pleaded in an amended complaint.

Given the liberal notice pleading standard, and the fact that, at this early juncture, the pleading must be construed in the light most favorable to Plaintiffs, Counts 1, 3 and 4 state colorable constitutional claims. However, Count 2, alleging that Plaintiffs' grievances were ignored or denied in violation of the Fourteenth Amendment, fails to state a viable claim.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause, *per se*. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct[,] states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). For reasons explained below, there is no adequately pleaded conspiracy, and it is not clear that those who ignored or denied grievances were involved in the underlying failure to protect that is the subject of the grievances. Count 2 will be denied without prejudice.

Although Counts 1, 3 and 4 state colorable claims, the conspiracy allegation incorporated into each claim is inadequately pleaded. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.

1999)). The allegation of a policy, practice and custom, alone, does not amount to a conspiracy. Accordingly, all conspiracy claims will be dismissed without prejudice.

## Motion for Counsel and Class Certification

Also before the Court is a motion filed by both Merritte and Coleman seeking recruitment of counsel and class certification (Doc. 17).

### *Recruitment of Counsel*

Plaintiffs assert that they cannot litigate any action, let alone their intended class action, without counsel. However, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The fact that Plaintiffs do not indicate that they have sought to secure representation before filing their motion is, alone, sufficient reason to deny their request for counsel. Furthermore, as recently discussed by the Court of Appeals for the Seventh Circuit, "the purpose of Rule 23(g) is not to enable *pro se* plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate. *Howard v. Pollard*, No. 15-8025, 2015 WL 9466233, at *2 (7th Cir. Dec. 29, 2015). The motion for counsel will be denied without prejudice.

### *Class Certification*

Plaintiffs' motion for class certification will be denied without prejudice. As discussed below, Plaintiff Merritte no longer desires to proceed jointly with Plaintiff Coleman. Class certification may be sought in each case as each plaintiff deems appropriate.

### *Merritte's Motion for "Severance"*

When this action was initiated, Plaintiffs Merritte and Coleman were both housed at Pinckneyville Correctional Center. Merritte has since been transferred to Western Illinois Correctional Center and he recognizes the difficulties of participating in joint litigation from afar (Doc. 19). For good cause shown Plaintiff Merritte's motion to sever the present case into two separate actions (Doc. 19) will be granted.

Counts 1, 3 and 4 shall proceed relative to Plaintiff Merritte in this present action, Case No. 15-cv-254-SMY. The record shall reflect that Counts 1 and 3 shall proceed relative to Plaintiff Coleman and are severed into a new, separate action. The defendants in the present case are also defendants to the newly severed case (although only time will tell if all defendants can actually be linked to each plaintiff).

Merritte and Coleman are now responsible for litigating their individual cases. This ruling does not preclude future joinder of the two cases or class certification in either case. The undersigned district judge shall be assigned to the newly severed case in order to ensure consistency and the magistrate judgment assignment shall also be the same in each case.

A review of the record reveals that Merritte has been granted leave to proceed as a pauper (Doc. 14). Coleman's motion for leave to proceed *in forma pauperis* (Doc. 14) is pending and will be decided by separate order in the newly severed case.

Merritte also seeks to have the amended complaint served upon Defendants at government expense. Because he is proceeding as a pauper, that aspect of his motion will also be granted and service of process will be ordered. Coleman's motion for service of process at government expense (Doc. 15) will be granted as well.

### *Merritte's Motion to Seal*

Plaintiff Merritte moves to have his name redacted from this case and that his case proceed under seal. He fears that the case involves the "murderous upper echelon and known gang members." He claims this case has already caused two gangs to make attempts on his life and that his family and friends may be in danger.

Although the Court takes such security issues very seriously, Plaintiff offers no details or other support for his assertions that gangs have made attempts to kill him because of this case. Similarly, he offers only speculation that the defendant prison officials will have him murdered. Merritte's motion (Doc. 20) will, therefore, be denied in all respects.

*Merritte's Motion for Access to the Law Library*

Plaintiff Merritte explains that policies at Pinckneyville Correctional Center and Stateville Correctional Center limit his access to the law library and his legal materials, and those facilities do not offer computerized legal research (such as Lexis or Westlaw). Plaintiff is now housed at Western Illinois Correctional Center, so his motion (Doc. 23) will be denied as moot.

## Disposition

**IT IS HEREBY ORDERED** that, Plaintiffs' motion for reconsideration (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that, relative to the Amended Complaint (Doc. 13), all claims of a conspiracy are **DISMISSED without prejudice**; **COUNT 2** is **DISMISSED without prejudice**; and **COUNTS 1, 3 and 4** shall **PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for counsel and for class certification (Doc. 17) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Merritte's motion to sever his claims from those of Plaintiff Coleman (Doc. 19) is **GRANTED**, in that **COUNTS 1, 3 and 4** shall **PROCEED** in the present case (Case No. 15-cv-254-SMY) only as to Plaintiff Merritte; **COUNTS 1 and 3** relative to Plaintiff Coleman are hereby **SEVERED** into a new action, assigned to the undersigned district judge (the magistrate judge assignments and reference shall apply to both cases). The defendants to each case remain the same. Plaintiff Merritte's and Plaintiff Coleman's respective motions for service of process at government expense (Docs. 15, 19) are both **GRANTED**.

When opening the newly severed case involving Plaintiff Coleman, the Clerk of Court is **DIRECTED** to include a copy of this Order, as well as Docs. 13, 14 (pending motion for leave to proceed IFP), 15 and 16, as well as the 08/07/2015 docket entry.

**IT IS FURTHER ORDERED** that Plaintiff Merritte's motion to proceed anonymously and to seal this case (Doc. 20), and Merritte's motion for access to the law library (Doc. 23) are both **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Merritte's motion for status (Doc. 26) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that service of process at government expense shall occur in Plaintiff Merritte's case and in Plaintiff Coleman's case as detailed below.

The Clerk of Court shall prepare for the 18 named defendants: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs.

Service shall not be made on the unknown "John Doe" defendants until such time as the individual is identified by name in a properly filed amended complaint. Each Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

the Plaintiff(s), the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

In each respective case, the Plaintiff shall serve upon the Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  The Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants in Plaintiff Merritte's and Plaintiff Coleman's cases are **ORDERED** to timely file an appropriate responsive pleadings and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action and the newly severed case are both **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.  In Plaintiff Coleman's severed case, his motion for leave to proceed *in forma pauperis* (Doc. 14) will be decided by separate order.

Further, *if all parties in a case consent to a referral,* that case shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Relative to both cases, if judgment is rendered against the Plaintiff, and the judgment

includes the payment of costs under Section 1915, the Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Each Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against the Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Each Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, it bears repeating that Plaintiff Merritte is now proceeding alone with this case (Counts 1, 3 and 4), Case No. 15-cv-254-SMY.  Plaintiff Coleman is proceeding alone with the newly severed case (Counts 1 and 3).  Each Plaintiff shall litigate his own case, filing documents only in his particular case.  Each Plaintiff is free to move in his respective case for class certification now that the two cases have been severed.

    **IT IS SO ORDERED.**

    **DATED: January 25, 2016**

                                      s/ STACI M. YANDLE
                                      **United States District Judge**