IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-00254-SMY-RJD |
| | ) |
| S.A. GODINEZ, | ) |
| MARC HODGE, | ) |
| STEVEN DUNCAN, | ) |
| MICHAEL LEMKE | ) |
| THOMAS A. SPILLER, | ) |
| DONALD STOLWORTHY, | ) |
| DANIEL DOWNEN, | ) |
| RANDY STEVENSON, | ) |
| WILLIAM LOY, | ) |
| JERRY L. HARPER, | ) |
| JACKIE MILLER, | ) |
| BRYAN L. PERDUE, | ) |
| BRIAN STAFFORD, | ) |
| LT. RAY, ELDON COOPER, | ) |
| CHRIS BROOKS, | ) |
| KIM CLEVY, | ) |
| COUNSELOR RAY and | ) |
| UNKNOWN IDOC STAFF, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are several motions relating to discovery and scheduling matters. Merritte is an inmate with the Illinois Department of Corrections ("IDOC") and he is currently located at Hill Correctional Center. Merritte proceeds on a three count amended complaint (Doc. 13) against 18 defendants and "Unknown IDOC Staff." The complaint presents broad, somewhat vague allegations, but in general terms Merritte presents an Eight Amendment failure to protect

1

claim (Count 1), a First Amendment retaliation claim for filing grievances (Count 3)[1], and a First Amendment claim for destroying documents / denying access to the Courts (Count 4). The claims concern actions that have occurred at multiple IDOC facilities, including Lawrence Correctional Center, Stateville Correctional Center and Pinckneyville Correctional Center. Merritte specifically states that in 2014 he was almost killed by an inmate named Rodriguez, and in late 2014 he was placed in a cell with a dangerous mentally ill inmate. Merritte initially filed suit with co-plaintiff Leondous Coleman, but Coleman's claims were later severed into a separate lawsuit. (Doc. 29).

Turning now to the pending motions, plaintiff Calvin Merritte has filed a motion to compel discovery (Doc. 97) and a motion for hearing on the motion compel. (Doc. 100). The IDOC defendants have filed a response in opposition to the motion to compel. (Doc. 99). The Wexford Health Sources, Inc. ("Wexford") defendants filed a response as well. Upon review of these documents, Merritte's motion for hearing (Doc. 101) is **denied**; the discovery disputes will be addressed without a hearing. The motion to compel (Doc. 97) is **granted in part and denied in part** as follows. The defendants are ordered to supplement their responses no later than **May 9, 2017**.

Merritte's motion to compel concerns various requests for production and requests for admissions he has served on the IDOC defendants. The first discovery dispute concerns Merritte's Requests for Production numbered 1 and 9 (RFP #1 and RFP #9). In those requests Merritte seeks inmate grievances filed by Merritte and other prisoners in the IDOC system. Merritte seeks the production of all of the grievances he has filed from November 22, 2011 until late 2016, along with grievance appeals and applicable grievance logs (RFP #1). He then makes a blanket request for grievances filed by four other IDOC inmates "and other IDOC prisoners" from 2008 until 2016 (RFP# 9). The defendants state that they provided Merritte's protective

---

[1] Count 2 was dismissed for failure to state a claim. See Doc. 29.

custody related grievances in response to RFP #1. The defendants however, object to RFP #9 on the basis that the request is "overly broad in time and scope, unduly burdensome, irrelevant, and not proportional to the needs of the case."

The scope of discovery in civil matters is set forth in Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) states:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Here, the IDOC defendants' objection to RFP #9 is sustained. This lawsuit is not a class action, and therefore the burden of producing grievances (along with the potential security risk) from other inmates within the IDOC system outweighs the potential benefit. The IDOC defendants' objection to RFP #1 is overruled to the extent that they need to produce any protective custody related grievances filed by Merritte from November 22, 2011 through 2016, if they have not already done so.

Merritte's RFP #2 requests all grievance procedures implemented by IDOC from 2011 until the present. The defendants produced the inmate handbooks for Western, Lawrence and Pinckneyville Correctional Centers. The defendants also directed Merritte to IDOC regulations at 20 Ill. Admin. Code § 504.830. Merritte is dissatisfied with this response because he states that he is unable to obtain those regulations from the prison law library. To expeditiously resolve this issue, the defendants are directed to provide Merritte with a copy of the regulations set forth at

20 Ill. Admin. Code §§ 504.800 – 504.870, or contact Merritte's prison law library to ensure that the documents are made available to him.

At RFP #3, Merritte requests all of his prison medical records from 2008 to the present. The defendants produced his records from February 2014 through the date of response (late 2016), and they note that plaintiff's alleged physical altercation occurred in August, 2014. Merritte seeks to compel the production of the older records (from 2008 onwards) that the defendants did not produce, in order to show that he was in good health prior to the 2014 Rodriguez assault incident. Merritte presents a legitimate argument as to relevance, and the defendants are therefore ordered to produce plaintiff's medical records from 2012 through 2014, to the extent they have not already been produced.

Next, Merritte seeks to compel the defendants to respond to RFP #6, which requests "Any and all policies and directives, administrative codes, rules and regulations, customs, practices, memos, bulletins or warden bulletins, etc. regarding medical services and procedures in IDOC applicable to Plaintiff from November 22, 2011 until the date of the response to this request …" The defendants object to this request as "vague in its entirety," among other objections, and refer Merritte to 20 Ill. Admin. Code § 415.10, *et seq*. The defendants' objections are sustained. This request is vague and wildly overbroad. Merritte's RFP #7 is similar to the preceding request for production, but instead of "medical services and procedures" he requests documents related to "disciplinary procedures." Again, this request is vague and overbroad; the defendants' objections are sustained. However, the defendants are directed to provide Merritte with the relevant regulations, or ensure that the regulations are available in his prison law library.

Merritte also seeks to compel the defendants to respond to RFP #8, in which Merritte requests, "Any and all offender tracking system information regarding Plaintiff from November 22, 2011 until the date of the response…" The defendants object on the basis that the request is "vague, unduly burdensome, overbroad in time and scope, irrelevant, and not proportional to the

needs of the case." The defendants also object on the basis of safety and security concerns. The defendants' objections are overruled to the extent that they must provide Merritte with his transfer summary sheet, or other document detailing Merritte's cell location history. The defendants' objections are sustained in all other respects.

At RFP #10 Merritte requests documents detailing whether the defendants have been subject to IDOC disciplinary action on the basis of staff misconduct. The defendants state that no such documents exist; the defendants' objections are therefore sustained.

Merritte's RFPs #11 – 13 seek information regarding inmate Oscar Rodriguez and the Latin Kings gang. The defendants object to these requests on the basis that they are vague and that the release of the documents may pose a security risk. The Court agrees that the release of information concerning prison security threat groups and enemy gang members poses serious security concerns. The defendants' objections are sustained.

The last request for production in dispute is #14, which requests, "Any and all statistics of inmate deaths and inmate assaults in IDOC from September 2008 until the date of the response to this request." The defendants produced inmate assault and death statistics from 2013 through 2016. Merritte seeks to compel the defendants to produce the older years, but the Court finds that the defendants' response is sufficient based on the needs of the case; the objections are sustained.

Additionally, Merritte takes issue with the defendants' responses to some of his requests to admit. However, Merritte simply states that the defendants' objections to requests to admit #4 and #8-13 are improper. The Court agrees with the defendants that Merritte's requests to admit are generally vague, overbroad, and contain compound statements. Requests to admit should be concise, direct, and generally answerable without qualification. Due to the deficiencies in the requests to admit submitted, the Court will not compel the defendants to provide supplemental

responses. Nevertheless, Merritte is free to redraft his requests to admit in accordance with the above directions.

The next motion at issue is Merritte's motion for service of a subpoena. (Doc. 117). Merritte, currently at Hill Correctional Center in Galesburg, Illinois, seeks records from the Warden of Western Illinois Correctional Center, in Mount Sterling, Illinois. Pursuant to rule 45(a)(3), attorneys may issue their own subpoenas, but *pro se* litigants must receive Court approval. The Court Clerk has received a proposed subpoena from Merritte. Upon review of the subpoena, some of the requests appear overbroad or may implicate security concerns. However, the recipient of the subpoena is free to file a motion to quash or modify. As such, Merritte's motion is **granted**. (Doc. 117). The Clerk is directed to issue the subpoena and return it to Merritte. Merritte shall mark the "Date and Time:" field of the form as follows: "14 days after receipt". Plaintiff shall also be responsible for service of the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

Additionally, Merritte filed a motion for status and "Court Order Discovery." (Doc. 127). Merritte states that as an IDOC inmate, he is unable to possess the prison records and legal records of other inmates. Merritte therefore requests that this Court enter an order forcing IDOC to allow him to possess such documents. The motion is opposed. (Doc. 132). Upon review, this motion is **denied**. The defendants state that inmates are not allowed to possess other prisoners' records due to legitimate security reasons, and the Court agrees. If Merritte needs the testimony of another inmate, he may have the inmate provide an affidavit.

Merritte also filed a motion for status (*see* Docs. 126 and 128). Merritte states that through the month of February he was located at Stateville Correctional Center but he was unable to file a notice of change of address. He therefore requests the status of this case from January 18, 2017 through February 28, 2017. The motion for status is **granted**. The Court Clerk's Office is directed to send the plaintiff a copy of the docket sheet.

The last motions at issue concern scheduling. (*see* Docs. 125, 129, 131 and 137). Merritte filed motions for extensions of time at Doc. 125 and Doc. 131. Merritte states in his motions that the discovery process has been delayed due to frequent prison transfers along with difficulties utilizing legal materials and the prison law libraries. Pursuant to the Court Order at Doc. 120, the discovery deadline was extended to June 1, 2017 and the dispositive motion deadline was extended to June 22, 2017. Merritte's motions for extension of time (Docs. 125 and 131) are **denied** at this time. However, Merritte may file a new motion for extension of time in a month or so if he is unable to complete discovery by the June 1, 2017 deadline. The IDOC defendants have also experienced discovery delays in responding to Merritte's discovery requests (which they assert was due to one of plaintiff's messages being inadvertently sent to the Chicago Illinois Attorney General's Office), and they request an extension of time. The defendants' motion (Doc. 137) is **granted** and the defendants' previous motion for extension of time (Doc. 129) is now **moot**. The deadline for the IDOC defendants to respond to Merritte's recent discovery requests is extended to **May 9, 2017**.

**IT IS SO ORDERED.**

**DATED:  April 18, 2017.**

> *s/Reona J. Daly*
> **REONA J. DALY**
> **UNITED STATES MAGISTRATE JUDGE**