IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN MERRITTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00254-SMY-RJD |
| | ) | |
| S.A. GODINEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

**DALY, Magistrate Judge:**

Before the Court is the Motion for Summary Judgment filed by Defendants Christine Brooks and Kim Clevy. (Doc. 134). Plaintiff Calvin Merritte is an inmate with the Illinois Department of Corrections ("IDOC"), and he proceeds in this constitutional tort action against various IDOC employees and employees of Wexford Health Sources, Inc. ("Wexford"). Wexford is a healthcare contractor that provides medical services to IDOC inmates. Defendants Clevy and Brooks are both Wexford employees. The two Defendants seek summary judgment on the basis that Merritte did not exhaust administrative remedies before filing suit. Merritte filed a response in opposition (Doc. 149, filed as a Motion for Summary Judgment) to Clevy and Brooks' motion, stating that he attempted to exhaust administrative remedies, but IDOC employees obstructed the grievance process. A genuine dispute of material fact therefore arose as to whether the administrative process was "available" to Merritte, and so the Court held a *Pavey* evidentiary hearing on July 27, 2017. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Upon review of the parties' filings and Merritte's testimony at the evidentiary hearing, it is RECOMMENDED that the Motion for Summary Judgment filed by Defendants Clevy and Brooks (Doc. 134) be denied.

1

I. **BACKGROUND**

Merritte is an IDOC inmate currently located at Hill Correctional Center. Merritte filed his initial complaint on March 6, 2015, with then co-plaintiff Leondus Coleman. (Doc. 1). The complaint was dismissed without prejudice, but Merritte was allowed to proceed on his first amended complaint (Doc. 13), filed on April 27, 2015. The January 25, 2016 screening order held that Merritte articulated the following claims:

> **Count 1:** Defendants failed to protect Plaintiffs by requiring them to incur physical harm or discipline before they could qualify for protective custody, in violation of the Eighth Amendment;
>
> **Count 2** (dismissed for failure to state a claim): Defendants ignored or denied Plaintiff's grievances, in violation of the Fourteenth Amendment;
>
> **Count 3:** Defendants retaliated against Plaintiffs for filing grievances regarding their inability to preemptively secure protective custody, in violation of the First Amendment;
>
> **Count 4:** Defendants interfered with Plaintiff Merritte's access to the courts and orchestrated a cover-up by confiscating and destroying documents and other evidence relevant to his failure to protect claims—all in violation of the First Amendment.

Additionally, Coleman's claims were severed into a separate lawsuit.

The events that give rise to this lawsuit occurred between March 2012 and the filing of his April 2015 amended complaint. During this period Merritte was housed at Lawrence Correctional Center ("Lawrence"), Stateville Correctional Center ("Stateville") and Pinckneyville Correctional Center ("Pinckneyville"). Merritte testified at the *Pavey* hearing that he was an inmate at Lawrence from November 2011 through October 2014. Defendants Clevy and Brooks were both employed at the Lawrence Health Care Unit during the events underlying this lawsuit.

Defendants' Motion for Summary Judgment states that Merritte has filed approximately 150 grievances and appeals during his incarceration with the IDOC, comprising over 450 pages

of documents. Defendants state that Merritte has filed five grievances that mention Brooks, but the IDOC has no record of any grievances that mention Clevy. Of the five grievances that mention Brooks, all pertain to medical treatment issues.[1] None of the five specifically address the claims in this lawsuit.

Merritte filed a response to the Defendants' Motion for Summary Judgment. (Doc. 149). In his response, Merritte states that he did file grievances referencing Clevy and Brooks that pertain to the claims in this lawsuit. Merritte's claims against Clevy stem from an incident that occurred on about July 8, 2013. (Doc. 150-1, p. 1). On that date, Merritte states that he was sucker punched by either Correctional Officer Earl Dixon or Lieutenant Vaughn. *Id*. On July 11, 2013, Merritte went to the Lawrence Health Care Unit for treatment. *Id*. at p. 2. At the Health Care Unit Merritte complained to Kim Clevy that he was assaulted by an IDOC employee. *Id*. at p. 2. However, Clevy noted in Merritte's medical records that he was assaulted by a fellow inmate. *Id*. at p. 2. Merritte asserts that Clevy's actions served to cover up the staff assault, thereby interfering with his right to access the court. *Id*. at p. 2.

The claims against Brooks arise out of an incident that occurred on August 17, 2014. (Doc. 150-1, p. 3). On that date, Merritte states that he was assaulted by inmate Oscar Rodriguez. *Id*. After the assault, two correctional officers escorted Merritte to the Health Care Unit. *Id*. Merritte asserts he was then assaulted a second time by the two correctional officers who escorted him. *Id*. At the Health Care Unit, Christine Brooks refused to treat Merritte until

---

[1] The five grievances are attached to the Motion for Summary Judgment. (Doc. 135).
 • March 4, 2012 – grievance complaining of allergies and difficulty breathing. (Doc. 135-2).
 • March 27, 2012 – grievance complaining of hives. (Doc. 135-3).
 • November 17, 2012 – grievance complaining of allergies and asthma inhaler. (Doc. 135-4).
 • July 3, 2013 – grievance complaining of allergies. (Doc. 135-5).
 • July 27, 2013 – grievance complaining of food allergies and asthma inhaler. (Doc. 135-6).

he cooperated with the correctional officers' investigation of the Rodriguez altercation. *Id*. Merritte also states that Brooks refused to document his injuries in the medical records. *Id*.

Brooks and Clevy assert in their Motion for Summary Judgment that there is no record of Merritte exhausting administrative remedies against them. Therefore, Merritte's claims against them should be dismissed. Merritte testified at the *Pavey* hearing (and states in his response to Defendants' motion) that he attempted to exhaust administrative remedies against the two Defendants but he never received a response from corrections staff at Lawrence. Specifically, Merritte stated that in late 2014, Counselor Collin Ray (Merritte's prison counselor during that period) refused to process his grievances. Furthermore, On October 3, 2014, Merritte sent a letter to the IDOC Administrative Review Board ("ARB") complaining that IDOC employees at Lawrence were not processing his grievances. (Doc. 150-2, p. 5). Although Merritte asserts that Lawrence staff members did not respond to his grievances addressing Brooks and Clevy, IDOC records indicate that Merritte did file dozens of grievances while at Lawrence and that many of them were processed by the ARB. (Doc. 150-2, pp. 15-22). During the *Pavey* hearing, the Defendants did not present any witnesses or introduce evidence to respond to Merritte's assertions that the grievance process was unavailable to him at Lawrence.

## II. ANALYSIS

Pursuant to the Prison Litigation Reform Act, inmates must exhaust available administrative remedies before filing conditions of confinement lawsuits in federal court. 42 U.S.C. § 1997e(a). A prisoner's failure to exhaust may be raised as an affirmative defense by the defendants. *Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007). The IDOC implements a three step grievance process. A prisoner must first attempt to resolve the issue with their counselor. 20 Ill. Admin. Code § 504.810(a). If the prisoner is dissatisfied with the counselor's response, the prisoner may proceed to step two by filing a grievance with

the institution's grievance officer and warden. *Id*. If the prisoner is dissatisfied with the warden's decision he may appeal the grievance to the ARB in Springfield. 20 Ill. Admin. Code § 504.850(a). This is the last step. The grievance process is completed when the ARB issues a decision.

An inmate's failure to exhaust administrative remedies may be excused if prison officials obstruct the grievance process. *Ross v. Blake*, 136 S. Ct. 1850, 1860, 195 L. Ed. 2d 117 (2016). The Prison Litigation Reform Act states that inmates are only required to exhaust "available" administrative remedies. 42 U.S.C. § 1997e(a). For example, the administrative remedies process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. Perhaps most commonly, the administrative process will be deemed unavailable if an inmate files a grievance and the prison administration simply does not respond. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006).

When the exhaustion defense is at issue, Courts perform a burden shifting analysis of sorts. A prisoner plaintiff does not need to demonstrate exhaustion in his complaint, but a defendant may raise the issue as an affirmative defense. *Jones*, 549 U.S. at 212, 127 S. Ct. 910 at 919. If a defendant raises lack of exhaustion as an affirmative defense, the Seventh Circuit's holding in *Pavey v. Conley* directs the court to conduct a hearing on exhaustion and "permi[t] whatever discovery relating to exhaustion" the court deems appropriate. 544 F.3d 739, 742 (7th Cir. 2008). A defendant may then demonstrate lack of exhaustion by submitting records or affidavits from prison officials stating that there is no record of the plaintiff completing the grievance process as to the claims or defendants in the lawsuit. If the grievance process was available to the plaintiff and he failed to complete it, then the matter may be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The exhaustion issue becomes more complicated when a prisoner plaintiff asserts that the administrative remedies process was unavailable to him. Although the exhaustion process is beneficial in that it serves to resolve inmate problems at the lowest levels, it also a necessary step before a prisoner may file a lawsuit. Prison officials may therefore be disinclined to process the grievance that leads to a lawsuit against themselves or their colleagues. On the other hand, a prisoner plaintiff may choose to falsely assert that the grievance process was unavailable to him in an attempt to sidestep the grievance process. Moreover, prison environments are not always conducive to good paper record keeping practices.

Here, the Defendants state that there is no record of Merritte properly completing the IDOC administrative remedies process against them. Merritte states that he attempted to exhaust administrative remedies against Clevy and Brooks, but he never received a response from his counselor or the Lawrence prison administration. Although the record is a bit hazy as to Merritte's grievance pertaining to the July, 2013 incident involving Clevy, Merritte did testify that Counselor Collin Ray was refusing to process his grievances in late 2014. Other than circumstantial evidence that Merritte was able to exhaust other, unrelated grievances, the Defendants did not introduce any evidence at the hearing to rebut Merritte's assertions that the administrative remedies process was unavailable to him. To rebut an assertion that the administrative remedies process was unavailable to a prisoner plaintiff, a defendant could introduce the testimony of the individual who was the inmate's counselor during the relevant period. "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Defendants Clevy and Brooks demonstrated that Merritte did not properly complete the grievance process, however, they have not proven that the administrative remedies process was in fact available to Merritte.

### III. RECOMMENDATION

It is RECOMMENDED that the Motion for Summary Judgment filed by Defendants Christine Clevy and Kim Brooks be denied (Doc. 134), and Plaintiff's motion regarding exhaustion (Doc. 149) be deemed moot.

**SO RECOMMENDED.**

**DATED:  August 24, 2017.**

> *s/Reona J. Daly*
> **REONA J. DALY**
> **UNITED STATES MAGISTRATE JUDGE**