IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-254-SMY-RJD |
| S.A. GODINEZ, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Calvin Merritte filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center, Stateville Correctional Center, and Pinckneyville Correctional Center. Plaintiff is currently proceeding on three claims against eighteen defendants. Discovery closed on December 4, 2017 and trial is currently set for April 23, 2018.

This matter is before the Court on the Pro Se Motion to Compel Discovery (Doc. 195), the Pro Se Prisoner's Combined Motion for Reconsideration and Motion to Compel Discovery Responses and Answers (Doc. 200), and the Pro Se Prisoner's Supplemental Motion for Reconsideration and Motion to Compel Discovery Responses and Answers (Doc. 207) filed by Plaintiff Calvin Merritte. For the reasons set forth below, the Motions are **DENIED**.

1. **Pro Se Motion to Compel Discovery (Doc. 195)**

Plaintiff asserts he served a subpoena on Stephanie Dorethy, the Warden of Hill Correctional Center (HCC), on May 5, 2017. The subpoena commanded Warden Dorethy to produce a number of documents contained in Plaintiff's Master File, including his grade status

card, good time revocation/restoration cards, sentence calculation sheets, transfer orders, grievance materials, protective custody materials, and his medical and mental health records. Plaintiff contends said documents are discoverable, relevant to the claims pending in this lawsuit, and will assist in the filing of a motion for summary judgment.

Plaintiff's motion is denied. First, it is not apparent that Plaintiff followed the service requirements set forth in Rule 45(a). Rule 45(a)(3) requires that the requesting party complete the subpoena form and make arrangements (and pay) for someone to serve the subpoena on the individual from whom he seeks to obtain documents. The party who seeks the subpoena is responsible for paying the associated costs — even if the court has found that the party is indigent. *See Armstead v. MacMillian*, 58 F.App'x 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants …"). Moreover, the Court finds that the subpoena is overly broad, seeking contents of his entire Masterfile, as well as all grievance materials, protective custody materials, cumulative counseling summaries, and disciplinary reports (to name a few). In light of the procedural defects in the subpoena, as well as the overbreadth of Plaintiff's requests, Plaintiff's Motion to Compel is **DENIED**.

2. **Pro Se Prisoner's Combined Motion for Reconsideration and Motion to Compel Discovery Responses and Answers (Doc. 200) and Pro Se Prisoner's Supplemental Motion for Reconsideration and Motion to Compel Discovery Responses and Answers (Doc. 207)**

In his motions, Plaintiff seeks partial reconsideration of the undersigned's order concerning his request to compel a number of documents and admissions. Plaintiff also includes a number of other requests to compel that are newly before the Court. Plaintiff has numbered his requests as "a" through "m", and the Court will use such designations in this order for clarity.

   a. **Any and all grievances filed by the Plaintiff Calvin L. Merritte in the Illinois Department of Corrections (IDOC) from 11/22/11 until the date of the response**

> **and any and all related information including but not limited to responses, appeals, emergency grievance logs, nonemergency or normal grievance logs, correspondence, privileged mail receipts (i.e., legal and privileged mail logs), and the identities and contact information of witnesses with pertinent information related to grievances, etc. (Doc. 99-2)**

Plaintiff asserts that the requested grievances and related information would show that he reported threats of violence and retaliation to specific Defendants prior, and subsequent to, being physically attacked. Plaintiff indicates that although the Defendants provided some of his grievances and related information, Defendants only produced "the grievances that they wanted to produce for the protective custody requests." Plaintiff has not provided any evidence to support his proposition. In the undersigned's April 18, 2017 Order, Defendants were ordered to produce any protective custody related grievances filed by Plaintiff from November 22, 2011 through 2016 to the extent Defendants had not already done so. On May 8, 2017, Defendants filed a Notice of Compliance with the Court indicating they sent Plaintiff's protective custody grievances, Bates stamped 971-1009. As it appears Defendants have provided Plaintiff with all documents responsive to his request, Defendants will not be compelled to provide any additional response.

> **b. Any and all medical records of the Plaintiff in IDOC including but not limited to the medication administration records (MAR's), progress notes, offender health status transfer summaries, prescriptions, orders, diagnosis, problem lists, sick call requests, scheduled appointments to medical staff information, doctor call line schedules, notes, letters, recommendations, x-rays, etc. from 11/22/11 until the date of the response to this request.**

Plaintiff asserts that the requested documents would show the physical and mental injuries he suffered from the physical assaults and retaliation from July 2013 through December 2016. Plaintiff explains that although Defendants produced some of his medical records, an "abundant amount" was not produced and Defendants only produced the records that they wanted to produce. Plaintiff has not provided any evidence to support his proposition. In the undersigned's April 18,

2017 Order, Defendants were ordered to produce Plaintiff's medical records from 2012 through 2014 to the extent Defendants had not already done so. On May 8, 2017, Defendants filed a Notice of Compliance with the Court indicating they sent Plaintiff's entire medical records from 2012-2014, Bates stamped 664-970. As it appears Defendants have provided Plaintiff with all documents responsive to his request, Defendants will not be compelled to provide any additional response.

> c. **Any and all offender disciplinary reports (ODR's) regarding Plaintiff in IDOC and any and all information related thereto including but not limited to the program committee final summary reports, adjustment committee final summary reports, IDOC Disciplinary Tracking Inmate Card or disciplinary cell assessment, disciplinary report grievances, etc. from 11/22/11 until the date of the response to the request.**

Plaintiff indicates that the requested documents would show that he was "fictitiously" disciplined by specific Defendants because he exercised his First Amendment rights. Plaintiff contends that Defendants did not produce any of his ODR's during discovery, except for four pages. The Court notes that Defendants objected to this request as overly broad as not every disciplinary report is relevant. The Court agrees and sustains Defendants' objection. Plaintiff has failed to appropriately limit his request to only those disciplinary reports that are relevant to his underlying claims. Defendants will not be compelled to provide any additional response.

> d. **Any and all information regarding Oscar Rodriguez's membership in gang(s) known by Defendants including but not limited to the Latin Kings and his position as the chief enforcer from Twenty-Six (26th) Street in Chicago, Illinois.**
>
> e. **Any and all information regarding the Latin King gang in IDOC including but not limited to murders, staff assaults, fights, intimidation or threats, threat group or organization activity, fights, intimidation or threats, conspiracy or solicitation or attempt to violate rules and regulations, etc. from 11/22/11 until the date of the response of the request.**

In this Court's April 18, 2017 Order, the undersigned sustained Defendants' objections to

these requests, indicating that releasing information concerning prison security threat groups and enemy gang members poses serious security concerns. Despite Plaintiff's contention that the information sought would undoubtedly show that Defendants knew Rodriguez was a member of the "Latin Kings" and that "Latin Kings" was a violent gang, the Court declines to reconsider its previous ruling. Defendants' objections are sustained.

    f. **Admit that correctional staff including but not limited to Defendants did not create or maintain any information in any IDOC records alerting other IDOC staff and themselves to keep Plaintiff separate from the "Latin Kings," "Folks," Security Threat Group, gang, or organization between March 2012 and the date of the response to the request for admission.**

Plaintiff contends that Defendants' objection to this request is frivolous and asks the Court to order Defendants to respond as it is intended to show that the Defendants were consciously aware that the Latin Kings were seeking to murder or assault Plaintiff and "they set it up." The Court has reviewed Defendants' objection to Plaintiff's request (Doc. 97-1, p. 6) and agrees with Defendants that this request is vague. The Court further notes that Defendants provided a response to Plaintiff's request indicating that "it is not IDOC policy to include an entire Security Threat Group on a 'Keep Separate From' list because the sheer volume of gang members would make such a determination impracticle [sic] to enforce." Defendants' objection and response appear appropriate. Defendants will not be compelled to provide any additional response.

    g. **Admit that Daniel Downen, Randy Stevenson, William Loy, and Jerry Harper sent and received communications to one another regarding Plaintiff's request for a transfer in the year 2012 and that in those communications William Loy and/or Jerry Harper told Daniel Downen that Plaintiff could not be transferred but other prisoners could be transferred and that Randy Stevenson instructed Daniel Downen on what reasons to state Plaintiff was being denied on before Plaintiff was actually denied.**

Defendants objected to this request as vague and unintelligible in its entirety. Plaintiff contends that this objection is frivolous and Defendants should be ordered to respond. Plaintiff

also argues that a response is necessary as it will show that Defendants conspired with one another to orchestrate the attempted murder and physical assault Rodriguez committed against him on August 17, 2014. Defendants' objection is sustained and they will not be compelled to provide any additional response.

    **h. Admit that Oscar Rodriguez, a prisoner in IDOC, is listed in IDOC records as being a member of the "Latin Kings" and has been at least from March 2012 through and including the date of the response to this request for admission.**

Defendants objected to this request on the grounds of safety and security. Defendants' objection is sustained. Defendants will not be compelled to provide any additional response as this request relates to prison security threat groups and enemy gang members, which presents serious security concerns.

    **i. Admit that the communications between Defendants William E. Loy, Jerry L. Harper, Daniel P. Downen, and Randy Stevenson that was made between June 26, 2012 and June 28, 2012 were made by each of them as shown in Exhibit A appended to the Second Request for Admissions**.

The Court has reviewed Defendants' response to this request and finds it to be appropriate. Although Plaintiff may not be satisfied with the response, his request to admit was answered. Accordingly, Defendants will not be compelled to provide any additional response.

    **j. Admit that the communications between Jackie Miller and Karen K. Probst that was made on 12/06/12 was made by each of them and sent to Defendant Marc Hodge as shown in Exhibit B appended to the Second Request to Admit [sic].**

The Court has reviewed Defendants' response to this request and finds it to be appropriate. Although Plaintiff may not be satisfied with the response, his request to admit was answered. Accordingly, Defendants will not be compelled to provide any additional response.

    **k. Admit that Plaintiff was cited for a violation of the "Rule 206: Intimidation or Threats" by IDOC staff on 9/10/14 when he reported that he had a "conflict" with prisoner Dameon Cole to C/O B. DeWeese as shown in Exhibit D appended to the Second Request to Admit.**

The Court has reviewed Defendants' response to this request and finds it to be appropriate. Although Plaintiff may not be satisfied with the response, his request to admit was answered and a simple denial by Defendants is sufficient. Accordingly, Defendants will not be compelled to provide any additional response.

> l. **Admit that Plaintiff signed a written statement, prior to being transferred from Lawrence Correctional Center (LCC) to Pinckneyville Correctional Center (PCC), stating that IDOC staff James Kessel physically attacked him, during an interview with Defendant Brian Stafford.**

The Court has reviewed Defendants' objection to this request and finds it to be appropriate. Accordingly, Defendants' objection is sustained and they will not be compelled to provide any additional response.

> m. **Admit that IDOC staff James Kessel was assigned to work housing unit R5-C at LCC in July or August 2013 while Plaintiff was assigned to housing unit R5-C in cell lower-16.**

The Court has reviewed Defendants' response to this request and finds it to be appropriate. Although Plaintiff may not be satisfied with the response, his request to admit was answered. Accordingly, Defendants will not be compelled to provide any additional response.

In addition to the above-mentioned requests, Plaintiff also seeks a number of other documents. First, Plaintiff seeks the duty roster or any other information that would reveal where each Defendant was assigned to work at LCC on specific dates in question from January 2012 through October 2014. Plaintiff does not point to a specific discovery request seeking a duty roster and the Court has been unable to locate said request. Accordingly, Defendants will not be compelled to provide such information.

Plaintiff also seeks production of any and all of his cellmates' full names from January 2012 through December 2017. Plaintiff contends that this information is necessary for him to

prove that Defendants placed him in the housing units and cells with reported adversaries that threatened him with violence and retaliation. Again, Plaintiff does not point to a specific discovery request seeking the aforementioned information and the Court has been unable to locate said request. Accordingly, Defendants will not be compelled to provide such information.

Third, Plaintiff seeks "Offender Tracking System" (OTS) information and other in-and-out logs to record and keep track of IDOC inmate movements to locations around IDOC prisons. Plaintiff requested OTS information in his request for production #8. Defendants objected to his request due to safety and security concerns and because the master file is confidential under 20 ILAC § 107.310. The Court sustains Defendants' objections and Defendants will not be compelled to provide the requested information.

Insofar as Plaintiff makes general arguments concerning the need for any other discovery or documents, his requests are denied. Discovery in this matter closed on December 4, 2017, and any attempts to submit new discovery requests are out-of-time.

**IT IS SO ORDERED.**

**DATED: January 16, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**