IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-254-SMY-RJD |
| S.A. GODINEZ, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Calvin Merritte's Combined Pro Se Prisoner's Motion to Reopen Discovery and Reconsideration of the Denials of His Motions to Compel Discovery (Doc. 217). For the reasons set forth below, his Motion is **DENIED**.

In his motion, Plaintiff contends that after reviewing his deposition transcript he discovered that he needs additional discovery to move for summary judgment and respond to Defendants' motions. He also asserts that other discovery issues have made it difficult for him to amend his complaint. In particular, Plaintiff states that the information related to the duty roster, offender tracking system, sick call requests, and other production and interrogatory requests is necessary for him to have a full and fair opportunity to present his claims at a trial in this matter and file and respond to motions for summary judgment. Plaintiff further complains that he needs legible copies of his medical charts because there was some confusion caused by his interpretation of what Kim Levy wrote on one occasion, and that Defendants failed to preserve emails appended to his original complaint.

Although styled as a motion to reconsider this Court's previous orders, Plaintiff makes no

specific arguments concerning the same. Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff has not shown that the Court made any manifest errors of law or fact in its earlier decisions. Plaintiff attempts to justify his motion by indicating that he realized the need for additional discovery during a review of the deposition transcripts. However, he provides no basis for his conclusion. The Court has reviewed the pages of his deposition that he relies on, but finds there was only a discussion concerning the numbering of some of Plaintiff's medical records. While it appears this required some clarification during the deposition, it certainly does not create a manifest error of law or fact or present newly discovered evidence. Because Plaintiff has not demonstrated a substantial reason for the Court to reconsider its previous rulings on his motions to compel or reopen discovery, his Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**