# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-254-SMY-RJD |
| S.A. GODINEZ, MARC HODGE, STEVEN DUNCAN, MICHAEL LEMKE, THOMAS A. SPILLER, DONALD STOLWORTHY, DANIEL DOWNEN, RANDY STEVENSON, WILLIAM LOY, JERRY L. HARPER, JACKIE MILLER, BRYAN L. PERDUE, BRIAN STAFFORD, LT. RAY, ELDON COOPER, CHRIS BROOKS, KIM CLEVY, COUNSELOR RAY, and UNKNOWN IDOC STAFF, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Calvin Merritte, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his incarceration. He is proceeding in this action on an Eighth Amendment failure to protect claim against Defendants Marc Hodge, Steven Duncan, William Loy, Jerry Harper, Brian Stafford, and Lt. Ray.

On April 5, 2018, Plaintiff filed a notice of change of address with the Court, indicating that he was released on March 30, 2018, and that his new address was 10341 S. Rhodes, Chicago, Illinois 60628 (Doc. 240). Plaintiff has not made any filings with the Court nor attempted to contact the Court by any other means since April 2018. He did not respond to

Defendants' Motion for Summary Judgment (Doc. 213), Magistrate Judge Daly's Report and Recommendation (Doc. 252), or the Defendants' motions *in limine* (Doc. 246).

On September 5, 2018, the Court scheduled a telephonic status conference for September 27, 2018 and issued the following warning to Plaintiff (Doc. 254): "Plaintiff is **WARNED** that his failure to call-in for the status conference will result in the imposition of sanctions, up to and including dismissal of this lawsuit with prejudice." The Order was sent to Plaintiff's address on record, and there is no indication that it was unable to be delivered. Defendants appeared at the hearing by counsel, but Plaintiff failed to appear (Doc. 255).

## Discussion

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action for failure to prosecute or to comply with court orders. Under the Rule, an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors that a court should consider before entering an involuntary dismissal order, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the

plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc.,* 325 F.3d at 908.

A case may also be dismissed under *F.R.C.P.* 37 if the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Dismissal is clearly warranted in this case under Rule 41(b). First, Plaintiff failed to appear at a scheduled status conference, despite being provided adequate notice of the same. He failed to notify the Court of his inability to attend or to provide an excuse regarding his failure to attend. Further, a review of the docket evidences Plaintiff's lack of interest in litigating this case.

Plaintiff has not submitted any filings in this case since April 2018. More importantly, he has failed to respond to Defendants' Motion for Summary Judgment, Magistrate Judge Daly's Report and Recommendation, and Defendants' motions *in limine*. On these facts, the Court finds that Plaintiff's conduct constitutes bad faith and inexcusable delay. While lesser sanctions may be available, they would be unavailing as Plaintiff has clearly lost interest in litigating this case. Moreover, Defendants would be unreasonably prejudiced if this matter were allowed to languish on the Court's docket any longer.

## **Conclusion**

For the foregoing reasons, this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 2, 2018**

                                                **s/ Staci M. Yandle**
                                                **STACI M. YANDLE**
                                                **United States District Judge**